UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50802
Summary Calendar
_____

JOSEPH LOUIS TOVAR, ET AL.,

Plaintiffs - Counter Defendants,

JOSEPH LOUIS TOVAR,

Plaintiff - Counter Defendant - Appellant,

versus

STEVEN C. HILBIG, ET AL.,

Defendants,

STEVEN C. HILBIG; JOSEPHINE ANN DIXON;
MARY LOUISE JAMES; ROY GONZALES; ROBERT
HOUSTON; HAROLD OROSCO; MICHAEL MOSES;
TEXAS EDUCATION AGENCY; TEXAS STATE
BOARD OF EDUCATION; BEXAR COUNTY; STATE OF TEXAS,

Defendants-Appellees,
EDGER DODSON,

Defendant - Counter Plaintiff - Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-95-CV-384)
_____
August 19, 1996
Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

_____

[*]    Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

It goes without saying that this court must examine the basis of its jurisdiction on its own motion if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "Where neither the order appealed from nor related portions of the record reflect an intent by the district judge to enter a partial final judgment, we refuse to consider the order appealable as a final judgment." *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1219-20 (5th Cir. 1990) (en banc).

Although the district court's order, entered on August 29, 1995, denied Tovar's motion for a preliminary injunction and disposed of most of his other claims, it did not dispose of his Voting Rights Act claims. Because neither the order nor related portions of the record reflect an intent by the court to enter a partial final judgment, the order is not a final, appealable judgment.

However, because the order denied Tovar's motion for a preliminary injunction, we have jurisdiction over an interlocutory appeal from that portion of it. *See Association of Co-Operative Members, Inc. v. Farmland Industries, Inc.*, 684 F.2d 1134, 1137-38 (5th Cir. 1982) (appellate review under § 1292(a)(1) ordinarily extends only to those parts of an interlocutory order that relate to the grant of an injunction), *cert. denied*, 460 U.S. 1038 (1983). Nevertheless, because Tovar did not raise the denial of injunctive relief as an issue on appeal, we will not address it. *See*

*Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The denial of Tovar's request for injunctive relief is **AFFIRMED**. The remainder of the appeal is **DISMISSED** for lack of jurisdiction.

*AFFIRMED IN PART and DISMISSED IN PART*